**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**MONIQUE L. CHAMBERS,**
   **Plaintiffs,**

v.    C.A. NO. 3:13-CV-746

**ONMO, INC. d/b/a MASSAGE ENVY CASA
LINDA and WALTZ CHAN and WILSON CHAN,**
   **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiffs, MONIQUE L. CHAMBERS (hereinafter referred to as Clara Castaneda), by and through their undersigned counsel and sue the Defendants**,** ONMO, INC., WALTZ CHAN and WILSON CHAN and in support thereof states as follows:

1. Plaintiffs bring this action for overtime wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2. Plaintiff is an individual residing in Dallas County, Texas.

3. Defendant ONMO, INC. is a corporation formed and existing under the laws of the State of Texas and at all times material hereto conducted business and maintained offices in Dallas County, Texas.

4. Defendant WALTZ CHAN is an individual residing in Dallas County, Texas, and at all times relevant to this claim acted directly or indirectly in the interests of Defendant, ONMO, INC. in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant WALTZ CHAN was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

5. Defendant WILSON CHAN is an individual residing in Dallas County, Texas, and at all times relevant to this claim acted directly or indirectly in the interests of Defendant, ONMO, INC. in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant WILSON CHAN was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, ONMO, INC. was enterprises engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendants' business. Venue is proper in this district under 28 U.S.C. § 1391.

7. Plaintiff worked for Defendants as a massage therapist from December 2009 through March 2012.

8. During one or more weeks of the Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours (overtime hours).

10. During one or more weeks of each of the Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants intentionally failed to pay the Plaintiff one and one-half times her regular rate of pay for each overtime hour worked.

11. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

12. Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid overtime pay.

13. Plaintiff also seeks compensation of the out-of-pocket expenses and costs of court she will have incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award damages to Plaintiff as specified above, finding Defendants jointly and severally liable;

3. The Court award reasonable and necessary attorneys' and expert fees and costs;

4. The Court award Plaintiff pre-and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted this 14th day of February, 2013.

        **ROSS LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile

Email:  Charles@rosslawpc.com

_____
CHARLES L. SCALISE
Texas Bar No. 24064621
**ATTORNEY FOR PLAINTIFFS**


POLEWSKI & ASSOCIATES, P.C.
1229 E. Pleasant Run Road, Ste. 120
Desoto, Texas 75115
(972) 228-1716 Telephone
(972) 228-1748 Facsimile

JOHN F. POLEWSKI
Texas Bar No. 16088610

ATTORNEY FOR PLAINTIFF